UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
GEORGE A. BALKO III
BBO #548872

THOMAS D. BRENNAN )
)
Plaintiff, )
)
v. )   **COMPLAINT**
)   05-40034
LIFE INSURANCE COMPANY )
OF NORTH AMERICA )
)
Defendant. )

## PARTIES

1. Plaintiff Thomas D. Brennan is an individual who resides in Holden, Massachusetts.

2. Life Insurance Company of North America is, on information and belief, a corporation incorporated under the law of the Commonwealth of Pennsylvania, with a principal place of business in Philadelphia, Pennsylvania, but which transacts and contracts to do business throughout the Commonwealth of Massachusetts.

## JURISDICTION

3. Jurisdiction exists pursuant to 29 U.S.C. §1001, et seq., the Employee Retirement Income Security Act ("ERISA"), and pursuant to 28 U.S.C. §1331. Venue is proper subject to 28 U.S.C. §1391(b) and (c).

4. Personal jurisdiction exists over Defendant by virtue of the Massachusetts Long Arm Statute, M.G.L. Chapter 223, as Defendant has contracted to do business in the Commonwealth of Massachusetts.

{J:\CLIENTS\lit\021859\0100\00510590.DOC;1}

RECEIPT # 404520
AMOUNT $ 250.
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK.
DATE 2-24-05

## CAUSE OF ACTION

5. Plaintiff was formerly an employee of Mail-Well I Corporation up to and including 30 May 2001.

6. On or about 29 May 2001, Plaintiff became totally disabled and unable to continue his employment with Mail-Well Corporation.

7. At and before that time, Plaintiff was insured by a group long-term disability income policy for salaried employees issued by Defendant Life Insurance Company of North America, identified as Group Policy Contract LK-7945, plan number 502. The plan name was "Mail-Well I Corporation Group Long-Term Disability Plan for Salaried Employees" (hereafter "the disability insurance policy").

8. Plaintiff was insured for long-term disability benefits under the disability insurance policy at the time he became disabled.

9. At all relevant times, Plaintiff paid for the premiums to secure long-term disability coverage under the disability insurance policy.

10. On or about 20 September 2001, Plaintiff made a claim for long-term disability benefits to Defendant through its Dallas, Texas office.

11. Despite submitting all required and necessary information to Defendant to document properly and support a claim for long-term disability benefits, and despite being totally and permanently disabled from carrying out the duties of his former employment, Defendant has failed and refused to award Plaintiff the long-term disability benefits to which he is entitled.

12. Defendant's actions in denying Plaintiff his entitled benefits have been arbitrary and capricious, and without support in either medical science, facts, or relevant law.

13. Defendant notified Plaintiff of its denial of his application for long-term disability benefits by letter dated 23 April 2004. Within that letter, Defendant notified Plaintiff of his right to appeal administratively the decision within 180 days of receipt of the 23 April 2004 letter. That letter also notified Plaintiff that "under normal circumstances, [he] will be notified of the final decision [of the appeal] within 30 days of the date [his] request for review is received. If there are special circumstance requiring delay, [he] will be notified of the reason for delay within 30 days thereafter. A final decision will be made no later than 90 days after [his] request is received."

14. Plaintiff timely appealed Defendant's decision by letter dated 15 October 2004. By letter dated 21 October 2004, Defendant acknowledged receipt of the appeal letter.

15. By follow up letter dated 10 November 2004, Defendant again confirmed receipt of Plaintiff's administrative appeal. Defendant stated that it adheres to the timeframes mandated by ERISA that an administrative appeal should be resolved within 45 days from receipt by the insurance company, except for good cause an additional 45 days may be requested.

16. As of the date of this Complaint, it has been 124 days since Defendant received Plaintiff's administrative appeal. No decision on the appeal has yet been rendered.

17. Given the lack of action by Defendant on the administrative appeal, and given that no good cause has been explained for the delay, Plaintiff is entitled to treat Defendant's failure to act as a constructive denial of the administrative appeal. Accordingly, Plaintiff has exhausted his administrative remedies, and this case is ripe for judicial review.

18. As the disability insurance policy was issued as an employee benefit and is therefore subject to the provisions of ERISA, this question is appropriate for federal judicial review under 29 U.S.C. §1332 and/or 29 U.S.C. §1331.

WHEREFORE, Plaintiff requests that the Court find that Defendant's denial of long-term disability benefits to Plaintiff was in violation of law; that the Court order Defendant to pay Plaintiff the appropriate long-term disability benefits retroactive to 30 May 2001, together with appropriate interest; that the Court order Defendant to continue to pay Plaintiff long-term disability benefits as long as his disability from gainful employment continues; and that the Court award Plaintiff attorney's fees, costs, and any other relief the Court deems just.

Respectfully submitted,

Thomas D. Brennan,
By his attorney,

George A. Balko III, BBO# 548872
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01608-0156
(508) 926-3404
(508) 929-3004 (fax)

Dated: February 23, 2005

{J:\CLIENTS\lit\021859\0100\00510590.DOC;1}

| JS 44<br>(Rev. 07/89) | Case 4:05-cv-40034-FDS    Document 1    Filed 02/24/2005    Page 3 of 4<br>CIVIL COVER SHEET    05-40034 |
|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brennan, Thomas D. | Life Insurance Company of North America |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br>Worcester, Commonwealth of Massachusetts | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>George A. Balko III, Esquire<br>Bowditch & Dewey, LLP<br>311 Main Street, P.O. Box 15156<br>Worcester, MA 01615-0156    (508) 926-3404 | ATTORNEYS (IF KNOWN) |
|---|---|

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Section 1001, et seq. Claim for disability benefits under ERISA, which have been improperly denied by defendant.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | PERSONAL INJURY<br>☐ 362 Personal Injury—Med Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>LABOR<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>SOCIAL SECURITY<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P. 23
DEMAND $ Order that disability benefits be paid.
Check YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

None.    JUDGE _____   DOCKET NUMBER _____

DATE: 2-23-05

SIGNATURE OF ATTORNEY OF RECORD: *[signature] George A. Balko III*

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Thomas D. Brennan

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   __ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   X  II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
          740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   __ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   Not applicable.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No.

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No.
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No.

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? (YES)
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Central Section

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Central Section

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION____ OR WESTERN SECTION____ Not applicable.

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  George A. Balko III, Esquire
                 Bowditch & Dewey, LLP
ADDRESS          311 Main Street, Worcester, MA 01615-0156
TELEPHONE NO.    508-926-3404

(COVER.SHT-08/90)