UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. BRENNAN<br><br>        Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-40034-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

The Defendant Life Insurance Company of North America ("Defendant") hereby answers Plaintiff's Complaint as follows:

### PARTIES

1. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

### JURISDICTION

3. Paragraph 3 states a legal conclusion to which a response is not required.

4. Paragraph 4 states a legal conclusion to which a response it not required.

## CAUSE OF ACTION

5. Defendant admits Plaintiff is a former employee of Mail-Well Corporation but lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant admits that it issued Policy Number LK-007945 to Mail-Well Corporation. Defendant admits that Plaintiff was at one time a participant in the Plan insured by Policy Number LK-007945 ("the Plan"). Defendant lacks sufficient knowledge to admit or deny that the plan name was "Mail-Well I Corporation Group Long-Term Disability Plan for Salaried Employees."

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9.

10. Defendant admits Plaintiff made a claim for long-term and short-term disability benefits on or about September 20, 2001.

11. Defendant denies the allegations contained in Paragraph 11.

12. Paragraph 12 states a legal conclusion to which a response is not required. To the extent Paragraph 12 asserts any facts, they are denied.

13. Defendant admits that it notified Plaintiff of its denial of his application for long-term disability benefits by letter dated April 23, 2004. Defendant denies the remaining allegations contained in Paragraph 13 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

14. Defendant admits the allegations contained in Paragraph 14.

15. Defendant admits there is a letter dated November 10, 2004, but denies the remaining allegations contained in Paragraph 15 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

16. Defendant admits the allegations contained in Paragraph 16.

17. Paragraph 17 states legal conclusions to which a response is not required. To the extent Paragraph 17 asserts any facts, they are denied.

18. Paragraph 18 states legal conclusions to which a response is not required.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff is not within the class of eligible employees covered by the applicable policy of insurance.

2. Plaintiff failed to provide timely notice of his claim as required under the applicable policy of insurance.

3. Plaintiff's remedies, if any, are limited to those provided under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

4. No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

5. Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver or release.

6. Plaintiff's claims are or may be barred in whole or in part by an agreement executed by Plaintiff.

7. To the extent that this Court holds that Plaintiff is entitled to benefits, which Defendant asserts he is not, Defendant is entitled to a set-off for any additional other income benefits that should be taken into account in calculating Plaintiff's LTD benefits, including but not limited to, any benefits Plaintiff received from the Social Security Administration or Workers' Compensation Appeals Board.

Respectfully Submitted,

Defendant Life Insurance Company
of North America,

By its Attorneys,

CREVIER & RYAN, LLP.

David B. Crevier, BBO# 5557242
Katherine R. Parsons, BBO # 657280
1500 Main Street, Suite 2020
Springfield, MA 01115
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
       kparsons@crevieranryan.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing on all counsel of record, by first class U.S. Mail, postage prepaid, said service having taken place this 26th day of April 2005.