UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. BRENNAN<br>  Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br>  Defendant. | Civil Action No. 05-40034-FDS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO CONDUCT MORE THAN TEN DEPOSITIONS**

Defendant, Life Insurance Company of North America ("LINA"), hereby opposes Plaintiff's Motion for Leave to Conduct More Than Ten Depositions ("Plaintiff's Motion").[1] As discussed below, LINA specifically objects to the excessive number of depositions Plaintiff seeks to take of LINA employees as unnecessary and abusive because Plaintiff can obtain the same information by reviewing Plaintiff's claim file and taking a Rule 30(b)(6) deposition of LINA.

**FACTS**

1. This case involves a claim by Plaintiff for long-term disability benefits under the Mail-Well Corporation Long Term Disability Plan, Policy No. LK-007945 ("Plan"). Complaint at P. 4.

2. Plaintiff seeks to depose seven named LINA employees regarding Plaintiff's claim and LINA's investigation and evaluation of his claim. Plaintiff's Motion for Leave to Conduct More than Ten Depositions ("Plaintiff's Motion") at ¶ 4.

---

[1] In violation of Local Rule 7.1 of this Court, Plaintiff's counsel failed to confer with Defendant's counsel in order to resolve or narrow the issue set forth in Plaintiff's Motion prior to filing his motion.

1

3. Plaintiff also seeks to depose "all supervisors of the named LINA employees to determine if "proper management oversight was enforced, and to see if company policies were properly followed." Plaintiff's Motion at ¶ 5.

4. Plaintiff further seeks to "conduct a 30(b)(6) deposition of LINA to determine what LINA's policies and procedure were for handling claims and appeals." Plaintiff's Motion at ¶ 6.

## ARGUMENT

Plaintiff seeks to depose an excessive number of LINA employees regarding LINA's investigation and evaluation of the Plaintiff's claim for benefits, LINA's policies and procedures for handling claims and appeals and whether or not proper management oversight was enforced and company policies followed. Facts at ¶ 2-4. Plaintiff can obtain every single bit of this information from Plaintiff's claim file, which LINA is scheduled to produce on March 2, 2006, and a 30(b)(6) deposition of LINA, identifying these topics as topics upon which Plaintiff seeks testimony. In response to a 30(b)(6) deposition subpoena LINA is obligated to produce a witness or witnesses to "testify as to matters known or reasonably available to [LINA]" with respect to the matters identified by Plaintiff. Federal Rules of Civil Procedure, Rule 30(b)(6). To require LINA to produce for deposition seven named employees, each and every one of their supervisors, in addition to witnesses prepared to testify to claims handling and procedures, when Plaintiff has the option of obtaining a less costly, more efficient 30(b)(6) deposition of LINA on the same topics, is both unnecessary and abusive.

In light of the foregoing, LINA respectfully requests that this Court deny Plaintiff's Motion for Leave to Conduct More Than Ten Depositions.

Respectfully Submitted,

Defendant, Life Insurance Company of North America,

By its Attorneys:

CREVIER & RYAN, LLP.

/s/David B. Crevier
David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO # 657280
1500 Main Street, Suite 2020
Springfield, MA 01115
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
         kparsons@crevierandryan.com

## LOCAL RULE 7.1 CERTIFICATION

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

/s/David B. Crevier

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this 21st day of February, 2006.

/s/David B. Crevier