# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

|                                    |   |                    |
|------------------------------------|---|--------------------|
| THOMAS D. BRENNAN,                 | ) |                    |
|     Plaintiff, | ) |                    |
| vs.                                | ) | **CIVIL ACTION**   |
|                                    | ) | **NO. 05-40034-FDS** |
| LIFE INSURANCE COMPANY OF          | ) |                    |
| NORTH AMERICA,                     | ) |                    |
|     Defendant, | ) |                    |

---

## FINDINGS AND ORDER ON LINA'S MOTION FOR A PROTECTIVE ORDER REGARDING 30(b) DEPOSITION NOTICE OF LINA
### June 13, 2007

**HILLMAN, M.J.**

## I.  Introduction

On February 23, 2007, the Plaintiff, Thomas D. Brennan ("Plaintiff"), served a

Deposition Notice under Fed.R.Civ.P. 30(b)(6)  on the Defendant, Life Insurance Company of

North America ("LINA").  On March 5, 2007, LINA filed a motion (Docket No. 24) seeking a

protective order from the Plaintiff's demand that the deponent be prepared to testify about its

claims handling procedures, other claimants and/or insureds[1] and the relationships between

LINA and several of its affiliates.  For the reasons set forth below, I am allowing the motion in

part and denying it in part.

---

[1]Plaintiff has represented to the Defendant that he is not seeking information regarding other claimants and insured and therefore, LINA is not seeking a protective order concerning any such information at this time.

## II.  Background

The Plaintiff seeks long term disability benefits from his former employer, the Mail-Well Corporation's Long-Term Disability Plan ("Plan").  This plan is subject to the provisions of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*  LINA issued the plan to the Mail-Well Corporation ("Mail-Well") and is also the Plan administrator.

The Plaintiff filed his claim for the long-term disabilities on September 20, 2001.  LINA denied the Plaintiff's claim by letter dated April 23, 2004.  On October 15, 2004, the Plaintiff filed a written appeal of LINA's denial.  LINA did not make a determination on Plaintiff's appeal within the time provided by the then applicable regulation, 29 C.F.R. § 2560.503-1(e)(2) (1984)[2], and therefore, he filed this lawsuit.  Since LINA did not issue a decision on the Plaintiff's appeal, the appeal was "deemed denied" under the then applicable regulation and the Plaintiff was deemed to have exhausted his administrative remedies.

## III.  Discussion

Ordinarily, a denial of benefits on a plan subject to ERISA is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefit or to construe the terms of the plan.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948 (1989).  In those cases where the plan administrator has made a final decision, the Court's review is generally limited to the record before the administrator <u>at the time the decision</u> was made, and the Court's determination is, <u>based on that record</u>.  *See Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510 (1st Cir. 2005).

---

[2]Pursuant to the version of 29 C.F.R. §2560.503-1(e)(2) in effect at the time that Plaintiff filed his claim, the administrator had ninety days from the date of the receipt of the claim to make a determination or it would be deemed denied and the claimant could seek further review.

However, in this case, since there was no final administrative decision, the administrative record is incomplete and the parties are entitled to engage in discovery.  It is the scope of that discovery that is in dispute here.  In order to determine whether or not the Plaintiff is eligible for, and entitled to benefits under the Plan this Court must decide;  (1)whether the Plaintiff was an active, full-time employee, who was working at least thirty-five hours per week for Mail-Well at the time he ceased working; (2) whether the Plaintiff's ceased working "due to" illness or sickness; and (3) whether because of such illness or sickness the Plaintiff was unable to perform all of the material duties of his regular occupation.

 The Plaintiff seeks discovery via a Rule 30(b)(6) Deposition regarding LINA's claims processing procedure and the quality of its claims handling procedures.  LINA concedes that since it did not render a decision, the administrative record is irrelevant and the parties are entitled to discovery with respect to the Plaintiff's eligibility for benefits under the Plan and whether he is disabled within the meaning of the Plan.  However, LINA seeks a protective order prohibiting the Plaintiff from seeking documents relating to its claim procedures and requests that the Plaintiff be prohibited from making any inquiry concerning such procedures.   In support of its motion, LINA argues that because this Court's review is *de novo* and in making its determination, the Court is not limited to the evidence which was before the Plan administrator, any discovery concerning the manner and quality of its claims handling procedures is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  I agree with LINA and find that neither information relating to LINA's claim processing procedures nor

information relating to the quality of those procedures is relevant to Plaintiff's case, nor is such

information reasonably calculated to lead to the discovery of admissible evidence[3],

      Keeping these principals in mind, I will address the specific topics which the Plaintiff's

Rule 30(b)(6) Deposition Notice seek inquiry:

      1.    The entire claims procedure at CIGNA Disability Management Solutions, CIGNA
           Group Insurance, Life Insurance Company of North America, or any other entity
           handling disability insurance claims on policies written by LINA.

      At oral argument on this motion, LINA agreed that it would have a 30(b)(6) deponent

available who would be qualified to speak about its claims procedures.  Accordingly, as to

LINA, this request is denied as moot.  As to the claims procedures at CIGNA Disability

Management Solutions and CIGNA Group Insurance, Defendant's Motion For Protective A

Order is granted for the reasons set forth above, *i.e.,* the information is irrelevant and is not

reasonably calculated to lead to the discovery of admissible evidence.

      2.    The Hierarchical structure of any claims processing personnel at and with CIGNA
           Disability Management Solutions, CIGNA Group Insurance, LINA, and any other
           entity handling disability insurance claims in policies written by LINA, from
           January 1, 1999 through the present.

      For the reasons set forth above, the Defendant's Motion For A Protective Order is

granted with respect to this topic.

---

[3] I will also not that Plaintiff's case does not include any causes of action which challenge the procedures used by the Plan administrator to render a decision.

4

3.      The relationship between the claims procedure at CIGNA Disability Management Solutions, CIGNA Group Insurance, LINA, or any other entity handling disability insurance claims on policies written by LINA, and any and all regulations promulgated by any agency of the government of the United States for handling or processing claims for benefits subject to ERISA or any laws of regulations related thereto.

For the reasons set forth above, the Defendant's Motion For A Protective Order is

granted with respect to this topic.

4.      The relationship between and among CIGNA Disability Management Solutions, CIGNA Group Insurance, LINA, or any other entity handling disability insurance claims on policies written by LINA.

For the reasons set forth above, the Defendant's Motion For A Protective Order is
granted

with respect to this topic.

5.      The actual claims process by CIGNA Disability Management Solutions, CIGNA Group Insurance, or LINA, with respect to Thomas Brennan's claim for disability benefits, including short term and long-term benefits.  This includes, but is not limited to, each action taken by anyone at CIGNA Disability Management Solutions, CIGNA Group Insurance, or the LINA, the reasoning and rationale behind each such action, the specific justification for each such action, and the person or persons who made the ultimate decision for each action taken at each step of the claims process.

LINA shall produce a witness who will be prepared to testify to the contents of the

Plaintiff's claim file and the facts learned by LINA during the claims process concerning the

Plaintiff's eligibility for and entitlement to benefits under the Plan.

7.      The position, training, experience, role, and actions of each and every person who handled in any way any part of Thomas Brennan's claim for disability benefits, including short term and long term benefits, including but not limited to any person whose name appears in any document produced by LINA in response to Thomas Brennan's requests for production of documents promulgated in this action.

For the reasons set forth above, the Defendant's Motion For A Protective Order is

granted with respect to this topic.

with respect to this topic.

8.      The rules and requirements for handling claims for disability, insurance benefits provided by any policy subject to ERISA, or any law or regulation promulgated in relation thereto.

For the reasons set forth above, the Defendant's Motion For A Protective Order is

granted

with respect to this topic.

9.      The working relationship between CIGNA Disability Management Solutions, CIGNA Group Insurance, LINA, or any other entity handling disability insurance claims on policies written by LINA, and Mail-Well (a/k/a Mail-Well I Corporation, now known as CENVEO) with respect to underwriting any benefit insurance plan for Mail-Well employees, from 1995 through the present.

For the reasons set forth above, the Defendant's Motion For A Protective Order is
granted

with respect to this topic.

10.     The working relationship between CIGNA Disability Management Solutions, CIGNA Group Insurance, LINA, or any other entity handling disability insurance claims on policies written by LINA, and Mail-Well (a/k/a Mail-Well I Corporation, now known as CENVEO) with respect to with respect to processing claims any insurance benefit for Mail-Well employees, from 1995 through the present.

For the reasons set forth above, the Defendant's Motion For A Protective Order is

granted

with respect to this topic.

    11.    <u>Any disability insurance plan provided by LINA to any employees of Mail-Well (a/k/a Mail-Well I Corporation, now known as CENVEO) from January 1, 1995, through the present.  This includes but is not limited to the interpretation, and the basis of the interpretation, of any provision with any such policy</u>.

For the reasons set forth above, the Defendant's Motion For A Protective Order is

<u>granted</u>

with respect to this topic.

    12.    <u>How any changes to any disability insurance plan provided by LINA to any employees of Mail-Well (a/k/a Mail-Well I Corporation; now known as CENVEO) from January 1, 1995, through the present</u>.

The Defendant's Motion For A Protective Order is <u>granted</u> with respect to this topic.

    13.    <u>How any changes to disability insurance plan provided by LINA to any employees of Mail-Well (a/k/a Mail-Well I Corporation; now known as CENVEO) from January 1, 1995, through the present, were communicated to Mail-Well (a/k/a Mail-Well I Corporation; now known as CENVEO) and to the latter's employees</u>.

The Defendant's Motion For A Protective Order is <u>granted</u> with respect to this topic.

    14.    <u>Any summary of benefits of any disability insurance plan provided by LINA to any employees of Mail-Well (a/k/a Mail-Well I Corporation; now known as CENVEO) from January 1, 1995, through the present, whether or not drafted or otherwise prepared by LINA</u>.

The Defendant's Motion For A Protective Order is <u>granted</u> with respect to this topic.

As part of the Plaintiff's 30(b)(6) Deposition Notice, the Plaintiff requested that the

deponent provide:

    3.    All documents concerning LINA's disability insurance claims process, including but not limited to, the insured's report of claim, your review of the report, your initiation of the claims process and your handling of the claim through the final stage of the claims process.

7

The Defendant's Motion For A Protective Order is <u>denied</u> with respect to this request, provided, however, that Defendant need only produce the requested documents to the extent that they relate to Thomas Brennan's request for disability benefits.

4.      All documents concerning your disability insurance claims appeals process, including insured's report of an appeal of your decision on a claim, your review of the report, your initiation of the appeals process and your handling of the appeal through the final stage of the appeals process.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted.</u>

22.     All documents concerning the review and/or rendering of an opinion as to Mr. Brennan's long-term disability claim by all individuals, including but not limited to LINA principals, agents, employees, attorneys, representatives, insurers and any person acting or purporting to act on your behalf.

The Defendant's request is <u>granted</u> with respect to documents as prepared by or for attorneys, but <u>denied</u> in all other respects.

23.     All documents concerning the review and/or of an opinion as to Mr. Brennan's long-term disability appeal by all individuals, including but not limited to LINA principal, agents, employees, attorneys, representatives, insurers and any persons or purporting to act on your behalf.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

24.     All documents concerning the review and/or rendering of an opinion as to Mr. Brennan's short-term disability claim by all individuals, including but not limited to LINA principals, agents, employees, attorneys, representatives, insurers and any persons acting or purporting to act on your behalf.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

25.     All documents concerning the review and/or rendering or an opinion as to Mr. Brennan's short-term disability appeal by all individuals, including but not limited to LINA principals, agents, employees, attorneys, representatives, insurers and any person acting or purporting to act on your behalf.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

26.     All manuals, booklets, pamphlets, letters, memoranda, and like documents available at LINA and/or provided to its employees from January 1, 1998 through the present concerning impairments in functionality when assessing a disability claim.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

27.     All manuals, booklets, pamphlets, letters, memoranda, and like documents available at LINA and/or provided to its employees from January 1, 1998 through the present concerning impairments in functionality when assessing a disability claim.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

Plaintiff also seeks discovery relating to the distribution of the Plan as follows:

13.     How any changes to disability insurance plan provided by LINA to any employees of Mail-Well (a/k/a Mail-Well I Corporation; now known as CENVEO) and to the latter's employees.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

29.     All manuals, booklets, pamphlets, letters, memoranda, and like documents available at LINA and/or provided to its employees from 1 January 1998 through the present concerning methods by which the disability plan information is generally distributed.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

30.     All manuals, booklets, pamphlets, letters, memoranda, and like documents available at LINA and/or provided to its employees from 1 January 1998 through the present concerning the disability plan distributed to Northeastern Envelope employees.

The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

9

31.     All manuals, booklets, pamphlets, letters, memoranda, and like documents available at LINA and/or provided to its employees from January 1, 1998 through the present concerning methods by which the disability plan information was distributed to Northeastern Envelope employees.

       The Defendant's Motion For A Protective Order with respect to this request is <u>granted</u>.

       In conclusion, the Defendant acknowledges that the Court's review will be *de novo* and that the administrative record is not limited to the record which was before the plan administrator at the time Plaintiff filed his claim. Under these circumstances, this Court agrees with the Defendant that most of the information the Plaintiff's seeks under its 30(b)(6) Deposition Notice is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Because of the position the Defendant has taken in support of its request for a protective order, it will be foreclosed from arguing that the initial denial of benefits, dated April 23, 2004, shall be afforded weight or that the Court's review is other than *de novo*.

## IV. <u>Conclusion</u>

       LINA's Motion For A Protective Order Regarding 30(b)(6) Deposition Notice Of LINA is <u>granted</u> in part and <u>denied</u> in part, as provided in this Order.

                  <u>/s/Timothy S. Hillman</u>
                  TIMOTHY S. HILLMAN
                  MAGISTRATE JUDGE