UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS D. BRENNAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-40034-FDS |
| | ) | George A. Balko III |
| LIFE INSURANCE COMPANY | ) | BBO No. 548872 |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REQUEST FOR RULINGS OF LAW

NOW COMES the Plaintiff, Thomas D. Brennan ("Brennan"), and requests this Court to make Rulings of Law consistent with the proposed rulings presented below. Brennan respectfully requests the opportunity to supplement these Requests after trial to conform to the evidence and arguments presented at trial.

1. Jurisdiction exists pursuant to 29 U.S.C. §1001, et seq., the Employee Retirement Income Security Act ("ERISA"), and pursuant to 28 U.S.C. §1331. Venue is proper subject to 28 U.S.C. §1391(b) and (c).

2. Personal jurisdiction exists over Defendant by virtue of the Massachusetts Long-Arm Statute, M.G.L. Chapter 223, as Defendant has contracted to do business in the Commonwealth of Massachusetts.

3. "[A] suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987).

4. 29 U.S.C. § 1132 states that:

    (a) Persons empowered to bring a civil action — A civil action may be

>    brought —
>    (1) by a participant or beneficiary —
>       (B) to recover benefits due to him under the terms of his plan, to
>    enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

5. "[A] denial of benefits challenged under § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The First Circuit has "steadfastly applied Firestone to mandate de novo review of benefits determinations unless 'a benefits plan . . . clearly grant[s] discretionary authority to the administrator.'" Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998) (quoting Rodriguez-Abreu v. Chase Manhattan Bank, N.A. 986 F.2d 580, 583 (1st Cir. 1993)).

6. The parties have stipulated, in writing, that the *de novo* standard of review applies in this case.

7. "[T]he long-term disability policy . . . is the written instrument pursuant to which this employee benefit plan was established and maintained, as required by ERISA." Cinelli v. Security Pacific Corp., 61 F. 3d 1437, 1441 (9th Cir. 1995).

8. The terms of the policy, like any other provision of an ERISA-regulated employee benefit plan, must be interpreted under principles of federal common law. See Filiatrault v. Comverse Technology, Inc., 275 F.3d 131, 135 (1st Cir. 2001).

9. In view of the still "formative stage" of federal law here we apply "common-sense canons of contract interpretation" and borrow the "best reasoned" concepts from state law. Wickman v. Northwestern Nat. Ins. Co., 908 F.2d 1077, 1084 (1st Cir. 1990).

10. Under the policy, interpretation is governed by Colorado law.

11.  Courts have held, nearly unanimously, "that insurance contracts must be liberally construed in favor of a policyholder or beneficiary . . . and strictly construed against the insurer in order to afford the protection which the insured was endeavoring to secure when he applied for the insurance." 13 Appleman, *Insurance Law and Practice* § 7401 at 197 (1976). See State Farm Mutual v. Nissen, 851 P.2d 165,166 (Colo. 1993); Rezendes v. Prudential Ins. Co. of America, 285 Mass. 505 (1934).

12.  Interpretation of an insurance contract, including whether contract provisions are ambiguous, is a matter of law which we review de novo. See Weitz Company v. Mid-Century Insurance Co., 06CA0163 (Colo.App. 8-9-2007), citing Compass Ins. Co. v. City of Littleton, 984 P.2d 606, 613(Colo. 1999).

13.  An insurance policy is a contract and should be interpreted consistently with the well-settled principles of contractual interpretation. In contract interpretation, we begin by giving words used their plain and ordinary meaning unless the intent of the parties, as expressed in the contract, indicates that an alternative interpretation is intended. Courts should not rewrite clear and unambiguous contract provisions. See Weitz Company v. Mid-Century Insurance Co., 06CA0163 (Colo.App. 8-9-2007), citing Chacon v. American Family Mut. Ins. Co., 788 P.2d 748, 750 (Colo. 1990).

14.  In interpreting a contract, we give effect to the intent and reasonable expectations of the parties. We must enforce the plain language of the policy unless it is ambiguous. An insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation. Titan Indemnity v. Travelers Property, 06CA0040 (Colo.App. 7-26-2007), citing Hoang v. Assurance Co. of America, 149 P.3d 798,801 (Colo. 2007). The determination whether a

3

contract is ambiguous is a question of law. <u>Public Service Co. of Colorado v. Meadow Island Ditch Co. No. 2</u>, 132 P.3d 333, 334 (Colo. 2006).

Respectfully submitted,

THOMAS D. BRENNAN
By his attorneys,

/S/ George A. Balko III
George A. Balko III (BBO #548872)
Colleen E. Cushing (BBO #663498)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated:   October 15, 2007