**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

THOMAS D. BRENNAN,              )
                               )
              Plaintiff,        )
v.                             )              Civil Action No. 05-40034-FDS
                               )              George A. Balko III
LIFE INSURANCE COMPANY         )              BBO No. 548872
OF NORTH AMERICA,              )
                               )
              Defendant.        )

**LIMITED OPPOSITION TO BILL OF COSTS**

Plaintiff Thomas D. Brennan ("Mr. Brennan") hereby submits this limited opposition to

Defendant Life Insurance Company of North America's ("LINA") Bill of Costs.  In support of

his opposition, Mr. Brennan states:

1.      On February 27, 2008, LINA filed its Bill of Costs with this Court, which

included, inter alia, the deposition transcripts for Dr. Narendrakumar Sodha ($304.15), Deborah

Martin ($163.60), Richard Lodi ($150.00) and Robert Longden ($339.75) (the "Deposition

Transcripts").

2.      The statute on taxation of costs, 28 U.S.C. § 1920, specifically sets out allowable

costs.  City Bank of Honolulu v. Rivera Davila, 438 F.2d 1367, 1371 (1st Cir. 1971).  In this

regard, 28 U.S.C. § 1920 lists the following six items that may be taxed as costs: "(1) fees of the

clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5)

docket fees under section 1923 of this title; and (6) compensation of court appointed experts,

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

3.       Taking and transcribing depositions have been found to fall within the ambit of § 1920(2). Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983).

4.       However, in Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir. 1985), the court held that "it is within the discretion of the district court to tax deposition costs, if special circumstances warrant it, even though the depositions were not put in evidence or used at trial." Id., at 249. "While some cases hold that the costs of depositions are taxable only if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the depositions is shown to have been reasonably necessary in light of the particular situation at the time it was taken." Id. (citing Copper Liquor, Inc. v. Adolph Coors Company, 684 F.2d 1087, 1099 (5th Cir. 1982)).

5.       This Court should not grant LINA's requested costs with respect to the Deposition Transcripts because none of the Deposition Transcripts were offered as or entered into evidence at trial and LINA failed to proffer whether "any special circumstances" warranted the award of the costs for the Deposition Transcripts.

6.       First, Richard Lodi testified as a live witness in this trial and his deposition transcript was neither entered into evidence nor used at trial.

7.       Second, on October 25, 2007, the parties filed a stipulation with this Court regarding the issue to be tried in the case which set forth Mr. Brennan met the definition of Disabled/Disability within the Policy issued by LINA to Mr. Brennan. No testimony whatsoever Dr. Narendrakumar Sodha, live or by deposition transcript, was introduced in evidence or used at trial.

8.     Finally, LINA originally informed Mr. Brennan and this Court that it was going to call Ms. Martin and Mr. Longden as live witnesses in its defense.  However, LINA informed Mr. Brennan on the eve of the final day of trial that it was no longer desired to call Ms. Martin or Mr. Longden as witnesses.  As such, no testimony whatsoever of Ms. Martin or Mr. Longden was introduced in evidence or used at trial.

9.     Because LINA chose to defend this case at trial in a manner which deemed the deposition transcripts of Dr. Narendrakumar Sodha, Deborah Martin, Richard Lodi, and Robert Longden unnecessary, this Court should find within its discretionary power that Mr. Brennan should not be charged for the costs of the Deposition Transcripts.

WHEREFORE, Plaintiff Thomas D. Brennan respectfully requests that this Court deny Defendant Life Insurance Company of North America's Bill of Costs with respect to the request for costs of the deposition transcripts of Dr. Narendrakumar Sodha, Deborah Martin, Richard Lodi, and Robert Longden.

THOMAS D. BRENNAN
By his attorneys,


/s/ Colleen E. Cushing
George A. Balko III (BBO #548872)
Colleen E. Cushing (BBO #663498)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: March 5, 2008

<u>CERTIFICATE OF SERVICE</u>

      I, Colleen E. Cushing, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 5, 2008.

/s/ Colleen E. Cushing_____

Colleen E. Cushing, Esquire
