UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS D. BRENNAN,  )
    Plaintiff,  )
v.  )  Civil No.
    )  05-40034-FDS
LIFE INSURANCE COMPANY  )
OF NORTH AMERICA,  )
    Defendant.  )

## MEMORANDUM AND ORDER ON BILL OF COSTS

**SAYLOR, J.**

Defendant Life Insurance Company of North America ("LINA"), after prevailing at trial, has submitted a bill of costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). The bill of costs totals $7,016.65. Plaintiff Thomas D. Brennan has submitted a limited opposition.

The relevant statute, 28 U.S.C. § 1920, states in part that "a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; [and] (5) docket fees . . . ."

Generally, "the costs of taking depositions will be taxed in favor of the prevailing party, if the taking of depositions was reasonably necessary, even though they may not have been used at trial." As with costs generally, however, this a matter within the sound discretion of the trial court, and costs may be denied. 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 54.77(4) (2d ed. 1982). When deciding whether to include certain deposition transcripts as

taxable as costs, "each . . . case[] turns on its own facts. None holds that costs may be taxed as a matter of right." *Farrar v. Farrar et al.*, 106 F. Supp. 238, 242 (W.D. Ark. 1952). It is within the Court's discretion to determine whether a deposition was "reasonably necessary." Generally, depositions are reasonably necessary when read in evidence during the trial or used for purposes of cross-examination. *Marcoin, Inc. v. Edwin K. Williams & Co.*, 88 F.R.D. 588, 589 (E.D. Va. 1980).

Plaintiff contends that four of the deposition transcripts listed in the bill of costs should not be taxed because they were not "necessarily obtained for use in the case" under § 1920(2). Specifically, plaintiff objects to inclusion of the deposition transcripts for Dr. Narendrakumar Sodha in the amount of $304.15, Deborah Martin in the amount of $163.60, Richard Lodi in the amount of $150.00, and Robert Longden in the amount of $339.75. Those four transcripts were neither offered nor admitted into evidence at trial, and will not be taxed to the plaintiff.

Furthermore, included in the bill of costs is a transcript of a May 10, 2006 deposition of Mail-Well in the amount of $760.95. According to Exhibit 11, the bill for the deposition transcript includes an amount for $382.20 for two copies other than the original transcript. These copies will not be taxable to plaintiff, because the copies were obtained for the convenience of counsel and not "necessarily" for use in the case. *Penner v. Balfe Printing Corp.*, 21 F.R.D. 299, 299 (D. Mass. 1958).

Also included in the bill of costs are various costs for photocopying. The exhibits do not specify as to what documents were copied, or why. If, for example, the cost of copying was incurred from making copies of depositions, then the amounts of $353.01 for copy services rendered by The Maverick Group, Inc. on February 22, 2006, $511.79 for copy services rendered

by The Maverick Group, Inc. on March 9, 2006, and $655.30 for internal copying costs for documents related to trial are not taxable to the plaintiff. Defendant thus has not proved that these copies were "necessary" for use at trial and they are not taxable to plaintiff if they were merely used for the convenience of defendant counsel in preparation for trial. *Cox v. Maddux*, 285 F. Supp 876, 884 (E.D. Ark. 1968).

Finally, defendant also includes the cost of court transcripts. Although having the trial transcripts may have "added to the convenience of counsel . . . and perhaps even have made the task of the trial judges easier, the transcripts were by no means indispensable . . . this was not a complicated or extended trial . . . ." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234 (U.S. 1964). In applying this rule, courts generally consider "the length of the trial, the complexity of the issues, whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, and whether proposed findings were required." *Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 168 (D. Md. 1968). This was not a complicated or extended trial, and that trial transcripts in this case were offered merely for convenience and were not necessary. The amounts of $237.60 for transcripts of the hearing before Magistrate Judge Hillman on March 26, 2007, $33.00 for an excerpt of the transcript from trial day 1, and $749.34 for transcripts from trial days 1, 2, and 3 are therefore not taxable to the plaintiff.

## Conclusion

For the reasons above stated, defendant is allowed costs in the amount of $3,136.91 pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: March 21, 2008